Kenneth Gerald BRECKENRIDGE *v.* Nancie GIVENS,
Acting Executive Director and Senior Staff
Attorney, Supreme Court Committee on
Professional Conduct

01-394                                                      39 S.W.3d 798

Supreme Court of Arkansas
Opinion delivered April 6, 2001

*Jeff Rosenzweig*, for appellant.

No response.

PER CURIAM. On April 2, 2001, the Committee on Professional Conduct entered a three-month suspension of appellant Kenneth Gerald Breckenridge's license to practice law. The suspension resulted from appellant's failure to timely answer a formal disciplinary complaint filed by Kim Robinson. Prior to the Committee's filing the final order of suspension, appellant learned of the Committee's decision. Consequently, appellant filed a motion for reconsideration, denied by the Committee on March 23, 2001. The Committee also denied appellant's motion for a stay of suspension pending an appeal to this court. Likewise, the Committee declined to grant appellant's alternative motion to set an effective date of suspension at some date in the future to permit him to petition this court for a stay. *See* Procedures Regulating Professional Conduct § 5L(1) (Committee may stay effective date of any action pending appeal). On April 2, 2001, appellee denied Breckenridge's second motion for reconsideration.

On April 4, 2001, appellant filed the instant motion seeking a stay of suspension pending appeal and a motion for expedited consideration pursuant to Ark. R. Sup. Ct. 6-1 (2000). Contemporaneously, appellant requested oral argument. We granted the motion for oral argument and for expedited consideration. In support of his motion for a stay, appellant contends that (1) he is a sole practitioner responsible for "an extraordinarily busy litigation schedule," evidenced by an exhibit detailing commitments to clients and trial dates scheduled during the course of the three-month suspension period, and these clients and opposing litigants would be prejudiced by a denial of his motion for a stay; (2) appellant avers that there is a substantial chance that he will prevail on appeal, and if a stay is not granted and this court subsequently reverses the Commission's decision to suspend him, he would suffer irreparable harm, having already served the term of suspension prior to an appeal on the merits; and (3) appellant poses no harm to the public in light of the sanction imposed.

We find merit in appellant's arguments and grant a stay pending appeal, provided that (1) appellant posts a $5,000 bond to cover the cost of appeal, and (2) the stay will be dissolved if any additional formal disciplinary complaints are filed against appellant during the stay.