Donny GILLASPIE *v.* Stark LIGON, Executive Director, Arkansas Supreme Court Committee on Professional Conduct

03-994                                                                117 S.W.3d 587

Supreme Court of Arkansas
Opinion delivered September 8, 2003

*Appellant, pro se.*

*Stark Ligon* and *Michael Harmon,* for appellee.

PER CURIAM. Attorney Donny G. Gillaspie, a sole practitioner from El Dorado, has filed a motion asking this court to stay imposition of the sanctions imposed against him by the Arkansas Supreme Court Committee on Professional Conduct. The Committee's actions arose from Gillaspie's representation of Jason J. Gulley in a criminal matter. Following Gulley's conviction, Gillaspie failed to timely file a notice of appeal. He subsequently filed a motion for belated appeal in this court, in which he took responsibility for the

failure. This court granted the motion and referred the matter to the Committee. *See Gulley v. State*, 352 Ark. 38, 98 S.W.3d 403 (2003) (*per curiam*).

The Committee served Gillaspie with a formal complaint in March 2003. Gillaspie did not file a response. Thereafter, the Committee voted to suspend Gillaspie's license to practice law for three months, for violation of Model Rules of Professional Conduct 1.3 and 8.4(d). The Committee imposed an additional, separate sanction for Gillaspie's failure to respond to the formal complaint, suspending his license for six months and imposing a fine of $2,500. Gillaspie filed a petition for reconsideration of the Committee's decision, but that petition was denied. The Committee entered its Findings and Order on September 2, 2003.

Gillaspie has filed a notice of appeal of the Committee's final order, and he now seeks expedited consideration of his motion to stay the sanctions imposed by the Committee's order pending resolution of his appeal. In the motion, he states that he is currently representing approximately 50 criminal defendants with cases pending in eight different Arkansas counties, many of which involve Class Y felonies, as well as cases in the state of Texas and in the United States District Court for the Western District of Arkansas. He further states that it is necessary to grant the stay to prevent irreparable harm to his clients. He states that a good number of the cases are in their final stages, and that if he is forced to withdraw from each of those cases, his clients will have to employ new counsel, who will have to get up to speed on the cases, and this would likely cause delays in the administration of justice.

A similar motion was presented by an attorney in *Breckenridge v. Givens*, 344 Ark. 419, 39 S.W.3d 798 (2001) (*per curiam*). There, the attorney argued three reasons why the stay should be granted: (1) He was a sole practitioner responsible for an extraordinarily busy litigation schedule; (2) he contended that there was a substantial chance that he would prevail on appeal, and that he would be irreparably harmed if he was required to serve his three-month suspension pending appeal; and (3) he posed no harm to the public in light of the sanctions imposed. This court granted the motion for stay on the conditions that (1) the attorney provided a $5,000 appeal bond, and (2) that the stay would be dissolved if any additional formal disciplinary complaints were filed against the attorney during the stay.

■ Based on the foregoing, we grant the motion to stay the sanctions pending appeal. As in *Breckenridge*, the stay is conditioned on Gillaspie's posting of an appeal bond of $5,000, and the stay will be dissolved if any additional formal complaints are filed against Gillaspie during the stay.

Additionally, we direct the Clerk to set an expedited briefing schedule for this appeal.

ARNOLD, C.J., and THORNTON, J., not participating.